United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40536
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

KENNETH W. TURNER,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1417-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Kenneth W. Turner appeals his conviction on two counts of

transporting aliens within the United States for private

financial gain by means of a motor vehicle in violation of

8 U.S.C. § 1324.  Turner argues that the district court erred by

refusing to give a requested jury instruction on the requirement

that the Government provide additional evidence of a defendant's

guilty knowledge when contraband is found in a hidden

compartment.

-----

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The type of instruction Turner requests is generally given only in controlled substance cases.  See Note, FIFTH CIRCUIT PATTERN JURY INSTRUCTION 1.31 (Criminal Cases).  Neither party has cited a decision addressing the applicability of such an instruction when the hidden cargo consists of human beings rather than controlled substances.  However, assuming arguendo that such an instruction is available in this type of case, we conclude that Turner has not shown that he was entitled to the instruction.

If contraband is not "clearly visible or readily accessible," control over the vehicle alone is insufficient to prove knowledge of the contraband.  See United States v. Pennington, 20 F.3d 593, 598 (5th Cir. 1994) (internal quotation and citation omitted).  The "threshold issue" is whether the contraband is "hidden"; if it is hidden, then the Government must produce "further evidence of knowledge."  Id.

We conclude that the aliens discovered in the sleeper compartment of Turner's tractor-trailer were not "hidden."  Even if we assume that the aliens were not "clearly visible" from the driver's seat, they clearly were "readily accessible" from that position.  Because the aliens were not hidden, Turner was not entitled to the requested instruction, and the district court did not abuse its discretion in refusing to give the instruction. See United States v. Barnett, 197 F.3d 138, 142 (5th Cir. 1999).

AFFIRMED.